IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LAUREN MASON § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. NO. 1:15-cv-0064-LY |
| § | |
| RCI DINING SERVICES § | |
| (ROUND ROCK) INC., D/B/A RICK'S § | |
| CABARET § | |
| § | |
| Defendant. § | |

**AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff LAUREN MASON ("Plaintiff") and complains of Defendant RCI DINING SERVICES (ROUND ROCK) INC., D/B/A RICK'S CABARET and for her cause of action would show the Court as follows:

**INTRODUCTION**

1. This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas, including Title VII of the Civil Rights Act of 1964, as amended, and the Texas Commission on Human Rights Act, as amended.

**PARTIES**

2. Plaintiff LAUREN MASON is a resident of Travis County, Texas.

3. Defendant RCI DINING SERVICES (ROUND ROCK) INC., D/B/A RICK'S CABARET is a corporation which can be served with Citation through its Registered Agent, Robert

1

Axelrod, 5300 Memorial Drive, Suite 1000, Houston, Texas, 77007.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331.

5. This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Travis County, Texas.

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

7. Plaintiff, Lauren Mason, was hired by Defendant, Rick's Cabaret, as a Dancer in the spring of 2013. At the time of her hire, Ms. Mason signed an Entertainer License Agreement in which it was stated that she was an independent contractor. She signed a W9 at the time of hire.

8. In November 2013 Ms. Mason learned that she was pregnant. When her manager learned of her pregnancy, he told Ms. Mason that she would have to stop working as a dancer, but that she could start working for Defendant as a server. She was told that she would be switched from independent contractor status to employee status when she became a server, and that she would make $2.13 per hour plus tips.

9. On January 17, 2014, Ms. Mason spoke with one of the managers, John, about starting her job as a server. She told him she would like to work five to six shifts per week, and he told her it would be closer to four.

10. Several hours later, at approximately 2 am, Stanley, the club's talent manager, said to Ms. Mason: "You need to take your heels off right now. You're a liability." He then took her out of the computer. She told him that was fine, because she was going to start working as a server on

Monday (January 20). Stanley then told her: "We're all going to talk about it in the office."

11. Ms. Mason then waited while Stanley, John, and another manager, Miguel, talked in the office. They then asked Ms. Mason to come into the office, where she was told that Defendant was not going to permit her to stay on as a waitress. They told her that she was too much of a liability, and that the club was a smoking facility that would not be good for her baby. They also told her that her being pregnant was "not the look that we want representing the establishment, especially since you'll be serving alcohol."

12. Ms. Mason was then told that she should contact the Defendant after her baby was born. She has not performed any work for the Defendants since then.

## CAUSES OF ACTION

### COUNT ONE - DISCRIMINATION
### ON THE BASIS OF GENDER AND PREGNANCY UNDER TITLE VII

13. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

14. Plaintiff was an applicant within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her gender and pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

15. Defendant is an employer within the meaning of Title VII.

16. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex,

or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

17.	Title VII of the Civil Rights Act of 1964 further states that "[t]he terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes."  42 U.S.C. § 2000e(k).

18.	Defendant intentionally discriminated against Plaintiff because of her gender and pregnancy in violation of Title VII by unlawfully refusing to hire her.  The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## COUNT TWO - DISCRIMINATION
## UNDER TEXAS COMMISSION ON HUMAN RIGHTS ACT

19.	The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes gender discrimination, in direct violation of §21.001, *et. seq.*, Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

20.	Plaintiff's gender and pregnancy were a determining or motivating factor in Defendants' decision not to hire the Plaintiff as a server.

## DAMAGES

21. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendants' unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

22. Defendants have intentionally engaged in an unlawful employment practice. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

23. The conduct committed by Defendants against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## ATTORNEYS' FEES AND EXPERT FEES

24. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964, and the Texas Commission on Human Rights Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally

brings suit for expert fees.

## JURY DEMAND

Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay.

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
902 East 5th Street, Suite 207
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF